No. 3986

Second Circuit

———

## PIPES v. GALLMAN

———

(July 14, 1931. Opinion and Decree.)
(October 1, 1931. Rehearing Refused.)
(February 1, 1932. Opinion and Decree of Supreme Court on Writs of Certiorari and Review setting aside judgment of Court of Appeal and reinstating judgment of District Court.)

———

Geo. Wesley Smith, of Rayville, attorney for plaintiff, appellee.

Theus, Grisham, Davis & Leigh, of Monroe, attorneys for defendant, appellant.

DREW, J. Defendant, herein, a young man twenty-four years of age, invited Bessie Pipes, for whom this suit is brought, and three other young ladies, namely Jessie Pipes, Hazel Sumlin, and Mary Frances Byrd, all high-school students who were sixteen years of age, to share his automobile, a Ford roadster with a rumble seat, for the purpose of transporting them to school, a distance of about two blocks. The four young ladies accepted the invitation, Bessie Pipes and Hazel Sumlin, occupying the rumble seat, and the other two, the front seat with defendant.

It was about 12:30 p. m., at the noon recess, when the young ladies got in the car. On arriving at the schoolhouse, defendant suggested that it was some time before school would begin, and proceeded down the Winnsboro Road, a graveled highway, for the purpose of giving the young ladies a ride. After going about one mile, the car struck some loose gravel and the accident happened. All four of the young ladies were injured, some very severely, and one only slightly.

They each, through their duly authorized representative, filed suit for damages, due to the injuries they had received, and for the expense of medical treatment, etc. The lower court awarded judgment for each of the plaintiffs. The cases were consolidated for the purpose of trial. Defendant has appealed from the judgments to this court.

There is very little dispute over the facts in the case. At the time of the accident and for more than a quarter of a mile before the accident, defendant was driving his car at a rate of speed of fifty-five miles per hour. The road was perfectly straight at the scene of the accident. The car suddenly swerved to the left of the road, struck some loose gravel, which caused it to turn over on its side. It slid on the running board for a distance of fifteen feet, then made four complete turnovers, stopping forty-five feet further down the road, with the four wheels in the air.

The testimony of the young ladies is that they were aware of the excessive speed and made no protest. One of them in the rumble seat says that she tapped on the back window with her fountain pen; her companion in the same seat says she neither saw nor heard any such protest, if such could be called a protest. None of the occupants of the front seat testified to any protest having been made, and one of the young ladies said no protest was made by her or any one else. The young ladies in the rumble seat were working a chemistry problem in preparation for a test.

It is conclusively shown that the young ladies knew the speed was excessive and that they failed to protest against it. It is likewise equally as well shown that the proximate cause of the accident was the excessive speed at which the car was traveling. Plaintiff's allegation of negligence is the excessive speed of the car. The defense is that plaintiffs assumed the risk. There was no objection to the admissibility of testimony showing failure to protest, thereby showing contributory negligence on the part of plaintiff.

The case evolves itself into one purely and simply a question of law. Due to the seriousness of the case and our interpretation as a conflict between the decision of this court and that of the First Circuit Court of Appeal, we requested the Supreme Court to give us instructions and propounded to them the following questions:

1. Was plaintiffs' failure to protest as to the speed of the car an acquiescence in defendant's negligence such as to make them assume the risk?

2. Was plaintiffs' failure to protest an acquiescence in defendant's acts of negligence such as to make them guilty of contributory negligence and bar their right to recover?

The two questions have been answered by the Supreme Court (135 So. —) in the affirmative, in the following language:

"The Court of Appeal states that defendant, 24 years old, invited four highschool girls, each about 16 years old, to ride in his automobile; two of them sat in the front seat with the driver and two on the rumble seat behind. He drove along a graveled road at 55 miles per hour; hit loose gravel and upset; injuring all four girls. The Court further says: 'The plaintiffs were aware of the excessive speed, but made no protest. The excessive speed was the proximate cause of the accident.'

"The Court of Appeal then ask us two questions, which mean the same thing, to-wit: Whether the failure of the plaintiffs to protest against the excessive speed of the car was contributory negligence.

"The Court of Appeal has itself answered that question and answered it correctly in Hutchens v. Morgan, 12 La. App. 545, 125 So. 309, wherein it was held that a guest who was aware that the driver was proceeding at an excessive rate of speed was guilty of contributory negligence. And this Court therein denied a writ of error on March 10th, 1930.

"That case must therefore prevail over Timberlake v. Cassidy, 1 La. App. 630, if there be any conflict between the two cases. But there is no conflict, because in the last case it was found that the guest who failed to give warning did not become aware of the danger until too late to avoid it. Hence that case is not applicable.

"Answer.

"Both questions are therefore answered in the affirmative."

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed, and the demands of plaintiff rejected, at his cost in both courts.

McGREGOR, J., recused.